IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. _____

ROBERT FERDENZI,

    Plaintiff,

    v.

GUARDIAN IT SYSTEMS LLC;
COMPLETE EMPLOYEE SERVICES, LLC;
and COMPLETE EMPLOYEE SERVICES, LLC
HEALTH INSURANCE PLAN,

    Defendants.

**COMPLAINT**

NOW COMES Plaintiff, complaining of Defendants, and alleges as follows:

PRELIMINARY STATEMENT[1]

Plaintiff brings this action against Guardian IT Systems, LLC; Complete Employee Services, LLC; and Complete Employee Services, LLC Health Insurance Plan for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), due to failures to provide him with a timely COBRA notice. Defendants' failure to provide Plaintiff a timely COBRA notice caused him economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

PARTIES

1. Plaintiff Robert Ferdenzi ("Plaintiff") is a citizen and resident of North Carolina.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

2. Defendant Guardian IT Systems LLC ("Defendant Guardian IT") is a North Carolina limited liability company doing business in Charlotte, North Carolina.

3. Defendant Complete Employee Services, LLC ("Defendant CES") is a South Carolina limited liability company doing business in Charlotte, North Carolina.

4. Defendant Complete Employee Services, LLC Health Insurance Plan ("Plan") is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. §§1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Defendant Guardian IT and/or Defendant CES were the plan sponsor and/or plan administrator of the Plan because they are named as the plan administrator in the Plan or, alternatively, are the employers sponsoring the Plan and therefore are the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

5. Defendants Guardian IT and CES have violated ERISA by failing to timely provide Plaintiff, a participant in the Plan, with adequate notice, as prescribed by COBRA, of his right to continue his health coverage upon the occurrence of a "qualifying event" as defined by the statute. Defendants Guardian IT's and CES's failures to provide any COBRA notification deprived Plaintiff of the opportunity to make informed decisions about the healthcare options for himself and his family.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by ERISA § 409, 29 U.S.C. § 1104 and ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2);

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B); ERISA §502(c), 29 U.S.C. 1132(c); and ERISA §502(g), 29 U.S.C. §1132(g).

7. Venue in the Western District of North Carolina is appropriate pursuant to 28 U.S.C. § 1391(b) and (c), and 29 U.S.C. § 1132(e)(2) by virtue of all Defendants doing business and being found in this district; the administration of the Plan in this district, the breach of fiduciary duty and failure to pay benefits in this district; and a substantial part of the events giving rise to the claims herein occurring within this district.

8. Plaintiff is a former employee of Defendants Guardian IT and CES and was covered under the Plan. Plaintiff was thus a participant/beneficiary in the Plan before his employment terminated on April 30, 2022, which constitutes a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

## FACTUAL ALLEGATIONS

A. Factual Allegations Regarding the Health Insurance Plan

9. Plaintiff reincorporates and realleges the allegations contained at the foregoing paragraphs as if fully set forth herein.

10. Plaintiff was employed by Defendant Guardian IT on or around December 1, 2018, to work as a computer systems engineer.

11. At or around the time Plaintiff was hired, he was provided an Employee Handbook by Defendant Guardian IT.

12. A section of the Employee Handbook titled "Complete Employee Services" states Defendant Guardian IT "has contracted with Complete Employee Services (CES), a professional employer organization or PEO, to establish a co-employment relationship. As a co-employee,

you are employed by both Guardian IT Systems, LLC and CES. CES handles several administrative and employment-related tasks including but not limited to group health benefits, payroll, and employee relations."

13. The Employee Handbook includes contact information for Defendant CES and states "CES's mission is to provide professional human resources services . . . in an effort to enhance the employee's working experience. Our goal is to support you, the employee, by delivering quality human resources support services, such as timely and accurate paychecks and flexible employee benefits designed to fit you and your family's needs. . . . Complete Employee Services welcomes you and appreciates the opportunity to partner with you to create an awesome employee experience."

14. The Employee Handbook explains that Defendant Guardian IT offers medical insurance to full-time employees working 30 hours or more per week, and they are eligible for insurance after 60 days of service.

15. During the course of his employment, Plaintiff received employer-sponsored health insurance through the Plan, which contracted with Blue Choice Health Plan of South Carolina. Plaintiff is covered under the Plan by virtue of his employment with Defendant Guardian IT and Defendant CES, the sponsors of the Plan.

16. Defendants Guardian IT and CES maintained the Plan, which covered the employees of Defendants Guardian IT and CES.

17. In or about March 2020, Plaintiff began experiencing serious health issues that required a period of intense treatment. Plaintiff's health issues have continued to progress, and he currently suffers from Multiple Myeloma, which causes ongoing pain and fatigue that interferes with his ability to consistently engage in full-time work.

18. Plaintiff received short-term and long-term disability benefits while he was unable to engage in full-time work due to his ongoing disabling health issues. Plaintiff was able to continue working sometimes from home.

19. Plaintiff looked forward to returning to full-time work eventually but was unable to do so as a result of his ongoing disabling health issues.

B. Factual Allegations Regarding Plaintiff's Termination

20. Plaintiff reincorporates and realleges the allegations contained at the foregoing paragraphs as if fully set forth herein.

21. On or about April 30, 2022, Defendant Guardian IT terminated Plaintiff's regular employment as an employee and offered to employ him as an independent contractor. At the time he was terminated, Beth White, the office manager, told Plaintiff it was too expensive to keep him enrolled in the Plan. Another employee of Defendant Guardian IT and Defendant CES told Plaintiff, "For you alone it would be $1800 per month to have you on our policy."

22. Plaintiff inquired with Defendant Guardian IT about his rights under the Consolidated Omnibus Reconciliation Act ("COBRA") codified at ERISA § 601 *et seq.*, 29 U.S.C. §§ 1161 *et seq.*, with respect to continuation of health care coverage provided by the Plan. This health coverage was necessary given his need for continued treatment for his ongoing disabling health issues. Beth White and Mark Kuljian, who was the Senior Systems Engineer, Plaintiff's direct supervisor, and one of the co-owners at Defendant Guardian IT, told Plaintiff that Defendant CES was responsible for providing information about ongoing benefits and Plaintiff's rights under COBRA.

23. When Plaintiff inquired with Defendant CES about his rights under COBRA with respect to continuation of health care coverage provided by the Plan, which health coverage was

necessary given his need for continued treatment for his ongoing disabling health issues, an employee of Defendant CES told Plaintiff that Defendant Guardian IT was responsible for providing information about ongoing benefits and Plaintiff's rights under COBRA.

24. Defendant Guardian IT and Defendant CES failed or otherwise refused to provide Plaintiff a COBRA notice or any information related to his right to elect continuation coverage under the Plan.

25. Although more than 30 days have passed since his employment was terminated, and despite Plaintiff's requests for information to both Defendant Guardian IT and Defendant CES, Defendants have never provided Plaintiff a COBRA notice or permitted him to enroll in COBRA continuation coverage under the Plan. Moreover, Defendants never provided Plaintiff information explaining how to enroll in COBRA, resulting in the expiration of his employer-sponsored health insurance coverage.

26. Due to Defendant Guardian IT's and Defendant CES's failure to provide to Plaintiff information required by COBRA, he has had to forgo health coverage and treatments needed to manage his ongoing disabling health issues.

27. Defendant Guardian IT and Defendant CES, as the sponsors and/or administrators of a group health plan, were required by 29 U.S.C. §1166 and 29 C.F.R. § 2590.606-4(b)(4) to provide Plaintiff written notice of the right to elect continuation coverage containing the following information:

    a. The name of the plan and the name, address, and telephone number of the plan's COBRA administrator;

    b. Identification of the qualifying event;

    c. Identification of the qualified beneficiaries (by name or by status);

-6-

Case 3:23-cv-00168-FDW-SCR    Document 1    Filed 03/21/23    Page 6 of 18

d. An explanation of the qualified beneficiaries' right to elect continuation coverage;

e. The date coverage will terminate (or has terminated) if continuation coverage is not elected;

f. How to elect continuation coverage;

g. What will happen if continuation coverage is not elected or is waived;

h. What continuation coverage is available, for how long, and (if it is for less than 36 months), how it can be extended for disability or second qualifying events;

i. How continuation coverage might terminate early;

j. Premium payment requirements, include due dates and grace periods;

k. A statement of the importance of keeping the plan administrator informed of the address of qualified beneficiaries; and

l. A statement that the election notice does not fully describe COBRA or the plan and that more information is available from the plan administrator and in the summary plan description.

28. Plaintiff did not receive and Defendant Guardian IT and Defendant CES did not send any of the information concerning the continuation of his health benefits required by 29 U.S.C. §1166 and 29 C.F.R. §2590.606-4(b)(4).

29. As a result of these violations, which interfered with Plaintiff's ability to maintain his health coverage, Plaintiff seeks statutory penalties, benefits, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and as provided by law.

# FIRST CLAIM FOR RELIEF:
# STATUTORY DAMAGES FOR FAILURE TO PROVIDE INITIAL NOTICE DOCUMENTS UNDER ERISA (COBRA) AGAINST DEFENDANT GUARDIAN IT AND DEFENDANT CES

30. Plaintiff reincorporates and realleges the allegations contained at the foregoing paragraphs as if fully set forth herein.

31. Plaintiff was a participant in the Plan and he was entitled to participate in the Plan by virtue of his employment with Defendants.

32. Upon initial employment with Defendant Guardian IT and Defendant CES, Plaintiff was entitled to notice regarding his rights under COBRA, codified at ERISA §601 *et seq.*, 29 U.S.C. §§1161 *et seq.*, with respect to continuation of health care coverage provided by the Plan.

33. Defendant Guardian IT and Defendant CES, as plan administrators for the Plan, failed and refused to provide Plaintiff the notice required by COBRA, ERISA §606(a)(1), 29 U.S.C. §1166(a)(1), at the time that Plaintiff became eligible to participate in the Plan.

34. Defendant Guardian IT's and Defendant CES's failure to provide COBRA notice is in violation of 29 U.S.C §1166(a) and 29 C.F.R. §2590.606-4.

35. Defendant Guardian IT and Defendant CES knew their failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C §1166(a) and 29 C.F.R. §2590.606-4, but they chose to act and/or failed to act in deliberate and reckless disregard of the rights of Plaintiff.

36. Defendant Guardian IT's and Defendant CES's conduct, as alleged herein, resulted in concrete informational and economic harm to Plaintiff.

37. Plaintiff is entitled to statutory damages under ERISA §502(c), 29 U.S.C. §1132(c) as a result of Defendant Guardian IT's and Defendant CES's actions.

## SECOND CLAIM FOR RELIEF:
## STATUTORY DAMAGES FOR FAILURE TO PROVIDE ELIGIBILITY NOTICE DOCUMENTS UNDER ERISA (COBRA) AGAINST DEFENDANT GUARDIAN IT AND DEFENDANT CES

38. Plaintiff reincorporates and realleges the allegations contained at the foregoing paragraphs as if fully set forth herein.

39. Plaintiff was a participant in the Plan and he was entitled to participate in the Plan by virtue of his employment with Defendant Guardian IT and Defendant CES.

40. Plaintiff was a qualified beneficiary under the Plan, as that term is defined in COBRA.

41. On termination of employment, Plaintiff was entitled to notice under COBRA to continue his health care coverage under the Plan.

42. Defendant Guardian IT and Defendant CES failed and refused to provide Plaintiff the notice required by COBRA, ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4), at the time that Plaintiff terminated employment and became eligible to continue his health care coverage under the Plan.

43. Defendant Guardian IT's and Defendant CES's failure to provide COBRA notice is in violation of 29 U.S.C § 1166(a) and 29 C.F.R. § 2590.606-4.

44. Defendant Guardian IT and Defendant CES knew their failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C § 1166(a) and 29 C.F.R. § 2590.606-4, but they chose to act and/or failed to act in deliberate and reckless disregard of the rights of Plaintiff.

45. Plaintiff was harmed in that, among other things, he was not informed of all his rights under the COBRA statute.

46. Plaintiff is entitled to statutory damages under ERISA §502(c), 29 U.S.C.

§1132(c) as a result of Defendant Guardian IT's and Defendant CES's actions.

THIRD CLAIM FOR RELIEF:
FAILURE TO PROVIDE PLAINTIFF PLAN BENEFITS
IN VIOLATION OF ERISA §502(a)(1)(B) AGAINST ALL DEFENDANTS

47. Plaintiff reincorporates and realleges the allegations contained at the foregoing paragraphs as if fully set forth herein.

48. Plaintiff was a participant in the Plan and he was entitled to participate in the Plan by virtue of his employment with Defendant Guardian IT and Defendant CES.

49. Plaintiff was a qualifying beneficiary under the Plan, as that term is defined in COBRA.

50. On termination of employment, Plaintiff was entitled to elect continuation coverage under the Plan.

51. Defendant Guardian IT and Defendant CES failed and refused to provide Plaintiff the notice required by COBRA, ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4), at the time that Plaintiff's employment was terminated and he thereby became eligible for continuation coverage under COBRA for himself and other qualifying beneficiaries.

52. Defendant Guardian IT's and Defendant CES's failure to provide COBRA notice is in violation of 29 U.S.C § 1166(a) and 29 C.F.R. § 2590.606-4.

53. Defendant Guardian IT and Defendant CES knew their failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C § 1166(a) and 29 C.F.R. § 2590.606-4, but they chose to act and/or failed to act in deliberate and reckless disregard of the rights of Plaintiff.

54. Plaintiff was harmed in that, among other things, he was not informed of all his rights under the COBRA statute. Had Plaintiff been properly informed, he could have and

would have taken all steps to continue his healthcare coverage.

55. Defendants failed and refused to permit Plaintiff to elect continuation coverage under the Plan, as required by COBRA, ERISA § 601(a), 29 U.S.C. § 1161(a).

56. Plaintiff has incurred damages in the form of medical expenses that, on information and belief, would have been covered by the Plan had Plaintiff been permitted to participate in continuation coverage under the Plan as required by COBRA.

57. Defendants have wrongfully denied health benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Defendants refused or otherwise failed to timely enroll Plaintiff in the Plan;

    b. Defendants refused or otherwise failed to retroactively enroll Plaintiff in the Plan;

    c. Plaintiff has been wrongfully denied health benefits;

    d. Defendants have violated their contractual obligation to furnish health benefits to Plaintiff.

## FOURTH CLAIM FOR RELIEF:
## OTHER APPROPRIATE EQUITABLE RELIEF PURSUANT TO ERISA §502(a)(3) AGAINST DEFENDANT GUARDIAN IT AND DEFENDANT CES

58. Plaintiff reincorporates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

59. Pursuant to Federal Rule of Civil Procedure 8, Plaintiff pleads this claim in the alternative to his third claim for relief, to the extent such claims are inconsistent.

60. Plaintiff was entitled to continuation coverage pursuant to COBRA as a result of his termination of employment. Defendant Guardian IT and Defendant CES failed and refused

to allow Plaintiff to enroll in continuation coverage in the Plan and have failed to provide him information and notices necessary for him to enroll for continuation coverage in the Plan.

61. As a result of Defendant Guardian IT's and Defendant CES's actions, Plaintiff is entitled to appropriate equitable relief:

    a. enjoining Defendant Guardian IT and Defendant CES from reducing Plaintiff's benefits under the Plan, including all medical benefits Plaintiff would have been entitled to had Defendant Guardian IT and Defendant CES timely allowed him to continue his coverage under the Plan;

    b. requiring that Defendant Guardian IT and Defendant CES retroactively enroll Plaintiff in the Plan in conjunction with his termination date such that Plaintiff can submit claims to the Plan;

    c. equitably estopping Defendant Guardian IT and Defendant CES from denying Plaintiff his full benefits under the Plan, including coverage for all incurred medical expenses;

    d. reforming the Plan to comply with the continuation coverage to which Plaintiff would have been entitled had Defendant Guardian IT and Defendant CES timely allowed Plaintiff to continue his coverage under the Plan;

    e. surcharging Defendant Guardian IT and Defendant CES for the costs of the medical procedures Plaintiff has incurred that should have been covered by the Plan and providing such continued coverage for the applicable time period required under COBRA;

    f. granting Plaintiff restitution for medical expenses he has incurred as a result of Defendant Guardian IT's and Defendant CES's failure to allow Plaintiff to continue his coverage under the Plan; and

g. Other appropriate declaratory, injunctive, and equitable relief.

### FIFTH CLAIM FOR RELIEF: <br> BREACH OF FIDUCIARY DUTY IN VIOLATION OF ERISA § 502(a)(2) AGAINST DEFENDANT GUARDIAN IT AND DEFENDANT CES

62. Plaintiff reincorporates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

63. Defendant Guardian IT and Defendant CES are fiduciaries as defined in ERISA § 3(21), 29. U.S.C. § 1002(21), because, among other reasons, they have discretionary authority and/or discretionary responsibility in the administration of the Plan.

64. Defendant Guardian IT and Defendant CES breached their fiduciary duties by failing to provide Plaintiff and other participants the notice required by COBRA, ERISA § 606(a)(1), 29 U.S.C. § 1166(a)(1), at the time that Plaintiff and other participants became eligible to participate in the Plan.

65. Defendant Guardian IT and Defendant CES breached their fiduciary duties by failing to provide Plaintiff and other participants the notice required by COBRA, ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4), at the time that Plaintiff's employment was terminated and thereby became eligible for continuation coverage under COBRA for himself and other qualifying beneficiaries.

66. Defendant Guardian IT and Defendant CES breached their fiduciary duties by failing to allow Plaintiff and other participants to enroll in the Plan pursuant to their COBRA rights.

67. Defendant Guardian IT and Defendant CES knew of the fiduciary breaches committed by each of the other fiduciaries because, among other reasons, Plaintiff told them that each fiduciary had refused to provide him COBRA information and allow him to enroll in

-13-

Case 3:23-cv-00168-FDW-SCR   Document 1   Filed 03/21/23   Page 13 of 18

COBRA coverage.

68. The Plan has been harmed because Defendant Guardian IT and Defendant CES, as plan administrators and fiduciaries, have failed and refused to administer the Plan in compliance with ERISA, including the provisions of COBRA.

69. Each of Defendant Guardian IT and Defendant CES is jointly and severally liable to the Plan for these fiduciary breaches.

SIXTH CLAIM FOR RELIEF:
ATTORNEYS' FEES PURSUANT TO ERISA §502(g) AGAINST ALL DEFENDANTS

70. Plaintiff reincorporates and realleges the allegations contained at the above paragraphs as if fully set forth herein.

71. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

72. Defendants are jointly and severally liable for Plaintiff's attorneys' fees and costs.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief:

1. Declaratory and injunctive relief, finding that he is entitled to statutory damages pursuant to ERISA §502(c) for Defendant Guardian IT's and Defendant CES's failure and refusal to provide Plaintiff notice of his rights under COBRA, as required by ERISA § 606(a)(1), 29 U.S.C. § 1166(a)(1), and that Defendant Guardian IT and Defendant CES be ordered to pay such statutory damages;

2. Declaratory and injunctive relief, finding that he is entitled to statutory damages pursuant to ERISA §502(c) for Defendant Guardian IT's and Defendant CES's failure and refusal to provide Plaintiff notice of his rights under COBRA, as required by ERISA § 606(a)(4),

-14-

Case 3:23-cv-00168-FDW-SCR   Document 1   Filed 03/21/23   Page 14 of 18

29 U.S.C. § 1166(a)(4), and that Defendant Guardian IT and Defendant CES be ordered to pay such statutory damages;

  3. Declaratory and injunctive relief, finding that he is entitled to health benefits pursuant to ERISA §502(a)(1)(B) under the terms of the Plan, and that Defendants be ordered to pay and provide health benefits according to the terms of the Plan;

  4. Declaratory and injunctive relief, pursuant to ERISA §502(a)(1)(B) finding that he is entitled to any other benefits under the Plan for which he may qualify;

  5. Appropriate equitable relief pursuant to ERISA §502(a)(3):

    a. enjoining Defendant Guardian IT and Defendant CES from reducing Plaintiff's benefits under the Plan, including all medical benefits Plaintiff would have been entitled to had Defendant Guardian IT and Defendant CES timely allowed him to continue his coverage under the Plan;

    b. requiring that Defendant Guardian IT and Defendant CES retroactively enroll Plaintiff in the Plan in conjunction with his termination date such that Plaintiff can submit claims to the Plan;

    c. equitably estopping Defendant Guardian IT and Defendant CES from denying Plaintiff his full benefits under the Plan, including coverage for all incurred medical expenses;

    d. reforming the Plan to comply with the continuation coverage to which Plaintiff would have been entitled had Defendant Guardian IT and Defendant CES timely allowed Plaintiff to continue his coverage under the Plan;

-15-

Case 3:23-cv-00168-FDW-SCR Document 1 Filed 03/21/23 Page 15 of 18

e. surcharging Defendant Guardian IT and Defendant CES for the costs of the medical procedures Plaintiff has incurred that should have been covered by the Plan and providing such continued coverage for the applicable time period required under COBRA;

f. granting Plaintiff restitution for medical expenses he has incurred as a result of Defendant Guardian IT's and Defendant CES's failure to allow Plaintiff to continue his coverage under the Plan; and

g. Other appropriate declaratory, injunctive, and equitable relief.

6. Declaratory and injunctive relief to the Plan, pursuant to ERISA §502(a)(2), for Defendant Guardian IT's and Defendant CES's breach of fiduciary duties, including their failure to administer the Plan in compliance with ERISA, including an order requiring Defendant Guardian IT and Defendant CES to:

a. Distribute to all Plan participants a notice that complies with COBRA requirements upon their initial participation in the Plan;

b. Distribute to all Plan participants who are entitled to COBRA continuation coverage under the Plan a notice that complies with COBRA requirements upon their qualifying event under the Plan;

c. Establish reasonable procedures for distributing such notices to any participants who may be entitled to them in the future;

d. Establish reasonable procedures for responding to Plan participant requests regarding information about COBRA coverage, including procedures ensuring that participants are provided accurate information that allows them to exercise their rights to COBRA continuation coverage;

  e.  Monitor any other entities or fiduciaries to whom either Defendant Guardian IT and Defendant CES has delegated the responsibility for notices and enrollment for COBRA continuation coverage to ensure compliance with continuation coverage requirements applicable to the Plans;

  f.  Administer the Plan in compliance with its terms, including terms stating that it is intended to be subject to ERISA;

  g.  Administer the Plans in compliance with applicable legal requirements, including ERISA, including terms requiring compliance with COBRA;

  h.  Make whole to the Plan all losses caused to the Plan by reason of Defendant Guardian IT's and Defendant CES's fiduciary breaches, including but not limited to the failure to comply with the Plan's and ERISA's COBRA continuation coverage requirements; and

  i.  Other appropriate declaratory, injunctive, and equitable relief;

7.  An order awarding Plaintiff all reasonable attorney fees and expenses incurred pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

8.  The costs of this action;

9.  Interest as provided by law, including but not limited to pre-judgment and post-judgment interest; and

10.  An award for such other and further relief as may be just and proper.

Respectfully submitted this the 21st day of March 2023.

                                    **Marcellino & Tyson, PLLC**

                                    *s/ Bryan L. Tyson*
                                    Bryan L. Tyson
                                    N. C. State Bar No. 32182
                                    Hannah Auckland
                                    N.C. State Bar No. 35953
                                    2200 East 7th Street, Suite 100
                                    Charlotte, NC 28204
                                    Phone: (704) 919-1519
                                    Fax: (980) 219-7025
                                    Email: bryan@yourncattorney.com
                                                 hauckland@yourncattorney.com

                                  *Attorneys for Plaintiff*